**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| MONIQUE P. JEFFERS, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. H-19-3902 |
| | § | |
| JPMORGAN CHASE & CO., | § | |
| | § | |
| *Defendant*. | § | |

**MEMORANDUM OPINION & ORDER**

Pending before the court is defendant JPMorgan Chase & Co.'s ("JPMC") motion to dismiss (Dkt. 5) plaintiff Monique P. Jeffers's complaint (Dkt. 1-1, Ex. A-3). Jeffers has not responded to the motion to dismiss. Having considered the pleading and applicable law, the court finds that JPMC's motion should be **GRANTED** and this case should be **DISMISSED**.

**I. BACKGROUND**

On September 30, 2019, Jeffers filed her original petition and application for injunctive relief, Cause No. 19-09-13283, in the 410th Judicial District Court, Montgomery County Texas. Dkt. 1-1, Ex. A-3. She named JMPC and Hart Insurance Group as defendants, asserting a claim for "Improper Servicing/Debt Collection Practices" and requesting injunctive relief. *Id.* On October 9, 2019, JPMC timely removed the case to this court on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332, alleging that Hart Insurance Group, the only Texas resident defendant, was improperly joined to defeat diversity jurisdiction. Dkt. 1. Jeffers did not timely move to remand.[1]

---

[1] For the reasons articulated in JPMC's notice of removal, the court finds that Hart Insurance Group was improperly joined. Dkt. 1. As an improperly joined, nondiverse party, Hart Insurance Group is dismissed. *See, e.g., Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp., Ltd.*, 818 F.3d 193, 210 (5th Cir. 2016) (finding that improperly joined, nondiverse party should be dismissed

JPMC filed the instant motion to dismiss on October 18, 2019, alleging that Jeffers's complaint fails to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. 5.

## II. Legal Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Christiana Tr. v. Riddle*, 911 F.3d 799, 802 (5th Cir. 2018) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)). "In evaluating motions to dismiss filed under Rule 12(b)(6), the Court 'must accept all well-pleaded facts as true, and . . . view them in the light most favorable to the plaintiff.'" *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019) (quoting *Campbell v. Wells Fargo Bank, N.A.*, 781 F.2d 440, 442 (5th. Cir. 1986)). However, "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Id.* (quoting *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)).

## III. Analysis

Jeffers's sole claim against JPMC is for "Improper Servicing/Debt Collection Practices." Dkt. 1-1, Ex. A-3 ¶ 14. This claim is based entirely on Jeffers's allegation that JPMC provided her with two payoff quotes, issued 11 days apart, that differ by $2,443.00, and that JPMC has failed to provide her with documentation substantiating the difference in the payoff quotes. *Id.* ¶¶ 8–11. In its motion to dismiss, JPMC asserts that it "is not even obligated to provide [Jeffers] with a payoff amount." Dkt. 5 at 3–4. This may be true under Texas law. *See, e.g.*, *Graves v. Logan*, 404 S.W.3d

---

for lack of subject matter jurisdiction). The court is thus assured of its jurisdiction over this matter. *See Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434, 131 S.Ct. 1197, 1202, 179 L.Ed. 2d 159 (2011) (holding that "federal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction").

582, 586 (Tex. App.—Houston [1st Dist.] 2010, no pet.) ("[Plaintiff] has not brought to our attention, and we have not found, any precedential authority to support the existence of an implied covenant to provide a payoff amount in a transaction involving a promissory note and deed of trust."). But the Truth in Lending Act ("TILA") does establish such a duty under federal law. *See* 15 U.S.C. § 1639g ("A creditor or servicer of a home loan shall send an accurate payoff balance within a reasonable time, but in no case more than 7 business days, after the receipt of a written request for such balance from or behalf of the borrower.").

However, "[o]nly 'creditors' are subject to the Act's civil penalties." *Redic v. Gary H. Watts Realty Co.*, 762 F.2d 1181, 1185 (4th Cir. 1985) (citing 15 U.S.C. § 1640(a)). *See also Bernstein v. Wells Fargo & Co.*, 1:18-CV-02887-RWS-CMS, 2018 WL 7018007, at *9–10 (N.D. Ga. Nov. 28, 2018) (finding that defendant Wells Fargo could not be held liable for plaintiff's payoff balance claim as either the loan servicer or assignee of the original creditor), *report and recommendation adopted sub nom. Bernstein v. Wells Fargo Bank, N.A.*, 1:18-CV-2887-RWS, 2019 WL 177206 (N.D. Ga. Jan. 3, 2019). Jeffers never articulates whether JPMC is her loan servicer, original creditor, or assignee of the original creditor. Without these facts it is impossible to say whether there is even the potential for liability against JPMC.

Moreover, even if JPMC were potentially liable under the TILA, Jeffers does not plead the basic facts of a TILA claim, which is the only law the court can find that might give rise to liability.[2] Jeffers does not state that she made a "written request for such balance," nor does she plead that the

---

[2] To the extent there is some other law on which Jeffers might base her claim, she must identify that law in order to state a plausible claim. *See, e.g.*, *Rivera v. Rosenberg & Assocs., LLC*, 142 F. Supp. 3d 149, 159 (D.D.C. 2015) (finding that plaintiff failed to state a plausible claim where he failed to identify which provisions of the FDCPA formed the basis for his claim).

balances she received were inaccurate. 15 U.S.C. § 1639g. To the extent that JPMC could be liable under the TILA, the facts of Jeffers's complaint show that JPMC *complied* with its duty. Jeffers contacted JPMC for a payoff quote on September 6, 2019, and received a payoff quote five days later on September 11, 2019. Dkt. 1-1, Ex. A-3 ¶ 8. That JPMC provided an updated payoff balance to Jeffers on September 22, 2019, does not indicate a violation of the TILA. *See, e.g.*, *Molina-Salas v. Aldridge Pite, LLP*, 1:18-CV-01557-AT-AJB, 2019 WL 1225179, at *9 (N.D. Ga. Jan. 22, 2019) (finding compliance with TILA where defendants' agent provided a more recent payoff balance), *report and recommendation adopted*, 2019 WL 1219346 (N.D. Ga. Feb. 26, 2019).

For all of these reasons, Jeffers fails to state a claim against JPMC and this action should be dismissed.

### IV. CONCLUSION

For the reasons explained above, the court finds that Jeffers fails to state a claim against JPMC, and therefore JPMC's motion to dismiss (Dkt. 5) is **GRANTED**. However, because Jeffers is appearing pro se, the court will afford Jeffers twenty days to file a complaint that states a claim against JPMC. If Jeffers fails to do so, this case will be dismissed with prejudice for want of prosecution.

Signed in Houston, Texas on November 22, 2019.

Gray H. Miller
Senior United States District Judge